UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

JOHN J. DAVITO and SANTA DEVITO,
Individually and on Behalf of a Class of
Consumers Similarly Situated,

Plaintiffs,

- against-

AMTRUST BANK,

Defendant.
-------------------------------------------------------------- X
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 22 2010 ★
BROOKLYN OFFICE

**MEMORANDUM DECISION AND ORDER**

09 Civ. 3858 (BMC)

**COGAN**, District Judge.

Before the Court is defendant's [30] motion to strike plaintiffs' class allegations.[1]

## BACKGROUND

Plaintiffs commenced this class action against AmTrust Bank ("AmTrust") on September 4, 2009, in connection with a mortgage loan they obtained from AmTrust. Plaintiffs allege that AmTrust violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(b) and New York General Business Law § 349, by charging a "Table Funding Fee" in the amount of $350.00 without providing any services in connection with that fee.

Plaintiffs have proposed two class definitions in their complaint. They define a RESPA Class as: "All borrowers who entered into a federally related mortgage loan originated and/or funded by AmTrust Bank and were charged a Table Funding Fee by AmTrust Bank between September 4, 2008 and the present." They also allege a New York State Class as: "All borrowers who entered into a mortgage loan originated and/or funded by AmTrust Bank and

---

[1] Defendant's motion also sought to strike plaintiffs' claims for statutory penalties and injunctive relief. Plaintiffs have withdrawn those requests for relief and thus the motion is moot as to those damage claims.

were charged a Table Funding Fee by AmTrust Bank between September 4, 2006 and the present."

On December 4, 2009, the Office of Thrift Supervision closed AmTrust and appointed an FDIC-Receiver. On January 15, 2010, this Court substituted the FDIC-Receiver for AmTrust and stayed the case so that plaintiffs could exhaust their claim through the mandatory FDIC administrative claims process.

Plaintiffs thereafter submitted their claim to the FDIC-Receiver, which was denied on June 11, 2010. On August 6, 2010, this Court granted plaintiffs' motion to continue the present action.

## DISCUSSION

Rule 23(d)(1)(D) of the Federal Rules of Civil Procedure provides that a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceeds accordingly . . . ." The Second Circuit has not addressed whether a motion to strike class allegations may be brought before a class is certified. Several district courts, however, have held that such motions may be addressed "prior to the certification of a class if the inquiry would not mirror the class certification inquiry and if resolution of the motion is clear." In re Initial Public Offering Sec. Litig., 21 MC 92 (SAS), 2008 WL 2050781, *2 (S.D.N.Y. May 13, 2008); see, e.g., Jaffe v. Capital One Bank, No. 09 Civ. 4106, 2010 WL 691639, *10 (S.D.N.Y. March 1, 2010); Rahman v. Smith & Wollensky Rest. Group, Inc., No. 06 Civ. 6198, 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008).

Defendant argues that the class allegations should be stricken because only those individuals who have exhausted their claims through the administrative claims process set forth under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"),

2

can be part of a class certified against the FDIC-Receiver. See 12 U.S.C. § 1821(d)(3) – (13). Defendant contends that plaintiffs cannot possibly establish a class action because the members of the proposed class have not exhausted their claims and deadline for doing so – March 10, 2010 – has passed.

Plaintiffs do not dispute that individuals must first exhaust their claims before they are able to be part of the class. They further acknowledge that they were the only members of the proposed class to exhaust their claims and that they did not, and could not, exhaust a claim on behalf of the putative class members. See Cassese v. Washington Mut., Inc., No. 05-cv-2724, 2010 WL 1936131, *8 (E.D.N.Y. May 13, 2010) (noting that "even assuming that FIRREA does permit class claims, a class representative filing with the FDIC must have authority to act on behalf of the persons he claims to represent"). Rather, plaintiffs' position is that defendant's motion is premature because the FDIC-Receiver has not provided adequate notice – specifically mailed notice – to the putative class members, or given them an opportunity to file an administrative claim.

A receiver in a "case involving the liquidation or winding up of the affairs of a closed depository institution" must comply with FIRREA's notice requirements. 12 U.S.C. § 1821(d)(3)(B). FIRREA's general notice requirement sets forth that a receiver shall:

> **(i)** promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice; and
>
> **(ii)** republish such notice approximately 1 month and 2 months, respectively, after the publication under clause (i).

12 U.S.C. § 1821(d)(3)(B). In regard to mailing individual notices, a receiver is only required to mail notice "to any creditor shown on the institution's books" or "upon discovery of the name

and address of a claimant not appearing on the institution's books within 30 days after the discovery of such name and address." 12 U.S.C. § 1821(d)(3)(C).

Plaintiffs concede that the FDIC-Receiver published a general notice[2] and mailed them an individual notice. Nonetheless, they claim that the FDIC-Receiver was required to mail individual notice to the putative class members because: (1) all putative class members took out a mortgage with AmTrust and the names and addresses of those individuals who were charged a "Table Funding Fee" are "readily identifiable and available to the FDIC-Receiver from the AmTrust Bank Hud-1 Settlement Statements;" and (2) the FDIC-Receiver was put on notice that each putative class member was a potential claimant because this class action was commenced prior to receivership. Conversely, defendant maintains that it is only required to give general notice to unknown potential claimants.

The FDIC-Receiver is only required to mail individual notices to "known" creditors. At this juncture, there has been no class certified, which is traditionally considered the point when a defendant is put on notice of the universe of claims against it. See Siskind v. Sperry Ret. Program, Unysis, 47 F.3d 498, 503 (2d Cir. 1995). Instead, plaintiffs have merely proposed a class definition in their complaint, which the Court has not approved and from which the potential members have not had an opportunity to opt-out. A class allegation and proposed class definition in a complaint are not sufficient to transform an unknown potential claimant into a "known" creditor.

---

[2] Defendant has submitted a Declaration of Nicholas J. Howard, an employee of the FDIC who is responsible for overseeing the receivership claims process for AmTrust. He states that the FDIC-Receiver prepared an official publication notice providing that all claims against AmTrust must be submitted to the FDIC-Receiver by March 10, 2010, the claims bar date. This notice was published in The Palm Beach Post, The Arizona Republic, The Cleveland Plain Dealer, The South Florida Sun Sentinel, and The Miami Herald on December 10, 2009, January 11, 2010, and February 10, 2010.

4

Thus, putative class members are not "known" creditors that must receive an individual mailed notice under FIRREA. See Cassese, 2010 WL 1936131, *8; Brandow v. F.D.I.C., No.1:08-cv-02771, 2008 WL 5378348, *2-3 (N.D. Ohio Dec. 22, 2008); Punzalan v. F.D.I.C., 633 F. Supp. 2d 406, 415 (W.D. Tex. 2009). Since the FDIC-Receiver gave sufficient notice of the administrative claims process to putative class members and only plaintiffs have exhausted their claims, plaintiffs are unable to maintain a class action.

## CONCLUSION

Accordingly, defendant's motion to strike the class allegations is granted. The class allegations are stricken from plaintiffs' complaint.

**SO ORDERED.**

/s/(BMC)

U.S.D.J.

Dated: Brooklyn, New York
September 20, 2010